Mr. Earl Knabb President of the Baker County Hospital Authority 159 North Third Street Macclenny, Florida 32063
Dear Mr. Knabb:
This is in response to your request for an Attorney General's Opinion on the following questions:
 1. DOES THE BAKER COUNTY HOSPITAL AUTHORITY AS AN INDEPENDENT SPECIAL TAXING DISTRICT, AS DEFINED BY s 200.001(8)(e), FLORIDA STATUTES, HAVE TO FOLLOW THE PROCEDURE FOR PREPARATION OF ITS BUDGET SET FORTH IN CHAPTER 200, FLORIDA STATUTES (1982), AND NOW OUTDATED REQUIREMENTS OF CHAPTER 28887 s 10(b), LAWS OF FLORIDA (1953)?
 2. CHAPTER 28887, 1953, LAWS OF FLORIDA, AS APPROVED BY ELECTORATE OF BAKER COUNTY LIMITS MILLAGE TO FIVE MILLS (s 10). HOWEVER, s 200.001(8)(e), F.S. (1982), PROVIDES MILLAGE NOT TO EXCEED THE GENERAL LAW, AS APPROVED BY THE VOTERS. WHICH RATE IS THE MAXIMUM ALLOWED FOR THE BAKER COUNTY "HOSPITAL TAX"?
Your questions are interrelated and will be answered together.
The Baker County Hospital District and the Baker County Hospital Authority were created by Ch. 28887, 1953, Laws of Florida. See, ss 1 and 2, Ch. 28887, supra. This act provides for the establishment and building, maintenance and operation of a public hospital at Macclenny for the use and benefit of the citizens and residents of Baker County. See, ss 1 and 2, Ch. 28887, supra. The act was amended by Ch. 63-1108, Laws of Florida, to authorize the hospital authority to build, equip, maintain and operate a geriatrics center in conjunction with or separate from the Baker County Hospital with funds appropriated for hospital purposes.
The Board of County Commissioners of Baker County is required under the act to provide revenue for building, equipping, maintaining and operating the hospital and geriatrics center. See, s 7, Ch. 28887, 1953, Laws of Florida, as amended by s 3, Ch. 63-1108, Laws of Florida. The board has the power to levy up to, but not in excess of, five (5) mills on the dollar, per year, on all taxable real and personal property within the county. See, s 3, Ch. 63-1108, supra. The hospital authority must prepare a budget and determine the amount of millage, not to exceed five mills, which is needed and is required to be levied by the board of county commissioners for the next fiscal year for "hospital tax." Section 10(b), Ch. 28887, 1953, Laws of Florida. Once the Baker County Hospital Authority has certified by a resolution to the board of county commissioners the necessary amount of millage, as determined by the authority, the amount so certified is final and the board of county commissioners "shall be compelled to levy the amount of millage so certified." (e.s.) Section 10(b), Ch. 28887, 1953, Laws of Florida. Pursuant to Ch. 28887, the Board of County Commissioners of Baker County is required to levy or cause to be levied each year the millage which is certified to it by the Baker County Hospital Authority on all taxable real and personal property in the county, and this tax is to be known as the "hospital tax." See, s 10(a), Ch. 28887, 1953, Laws of Florida. The tax assessor is required to make such assessment and it is the duty of the tax collector to collect such assessment when made. The money collected from the "hospital tax" is to be paid over monthly to the Baker County Hospital Authority. Section 10(a), Ch. 28887, supra. Cf., s 200.011(6), F.S. (1982 Supp.), which provides, inter alia, that "[t]he board of county commissioners shall certify to the property appraiser and tax collector the millage rates to be levied for the use of the county and special taxing districts, boards, and authorities and all other taxing units within the county for which the board of county commissioners is required by law to levy taxes." (e.s.)
An examination of Ch. 28887, 1953, Laws of Florida, discloses that the Baker County Hospital Authority is an independent entity, separate and apart from the Board of County Commissioners of Baker County. See, ss 2, 3 and 4, Ch. 28887, supra. Chapter 28887 imposes a duty upon the Baker County Hospital Authority to prepare a budget and determine the amount of millage needed by the authority. A duty is also imposed upon the Board of County Commissioners of Baker County to levy the millage which is certified to it by the hospital authority. See, s 10(b), Ch. 28887, supra. My research has not revealed any provision of special or general law amending or altering these duties, nor has any such provision been brought to my attention.
On the contrary, it would appear that, with regard to the ad valorem taxing power of special districts, the power vested in such districts prior to ratification of the 1968 Constitution was continued by s 15, Art. XII, State Const., which provides in pertinent part that:
 Ad valorem taxing power vested by law in special districts existing when this revision becomes effective shall not be abrogated by Section 9(b) of Article VII herein, but such powers, except to the extent necessary to pay outstanding debts, may be restricted or withdrawn by law.
(Section 9[b], Art. VII, State Const., provides generally that ad valorem taxes, with certain exceptions not applicable to this situation, shall not be levied in excess of specified millages upon the assessed value of real estate and tangible personal property. The specified millage for special districts [other than certain enumerated exceptions] is "a millage authorized by law approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation".) See also, s 2, Art. XII, State Const.; s 200.001(8)(e), F.S. (1982 Supp.), the proviso of which provides that independent special district millage authorized as of the date the 1968 Constitution became effective need not be approved by vote of the electors, pursuant to s 2, Art. XII, State Const. And see, ss 7, 8(2), 10(b), Ch. 28887, 1953, Laws of Florida, limiting the amount of millage required to be levied by the Board of County Commissioners of Baker County for "hospital tax" upon certification by resolution of the Baker County Hospital Authority to an amount not in excess of five mills. Cf., s 200.001(7) (1982 Supp.), stating that millages shall be fixed only by ordinance or resolution of the governing body of the taxing authority in the manner specifically provided by general law or special act; s 200.001(4), F.S. (1982 Supp.), providing, inter alia, that independent special district millage shall be that millage rate set by the governing body of the district, which shall be identified as to whether authorized pursuant to s 15, Art. XII of the State Constitution or otherwise authorized.
Chapter 200, F.S. (1982 Supp.), requires that taxing authorities (with the exception of the county and school district) prepare and consider their tentative and final budgets in accordance with s200.065, F.S. (1982 Supp.), and other applicable provisions of law, including budget procedures applicable to the taxing authority when such procedures are not in conflict with general law. See, s 200.065(2)(a)4., F.S. (1982 Supp.). As an independent special district (as defined by s 200.001[8][e], F.S. [1982 Supp.], the Baker County Hospital District and the Baker County Hospital Authority are subject to the provisions of Ch. 200, F.S., as amended, relating to the adoption of the authority's tentative and final budgets and method of fixing its millage rate, and I am aware of no exception to these requirements which would exempt or except the Baker County Hospital District or the Baker County Hospital Authority from the application of Ch. 200, F.S., as amended.
Therefore, pursuant to statutory direction, the tentative and final budgets of the Baker County Hospital Authority must be adopted and its millage rate computed and determined in compliance with the applicable provisions of s 200.065, F.S. (1982 Supp.), and any applicable nonconflicting procedures established by Ch. 28887, 1953, Laws of Florida, as amended. I would note that, upon examination of Ch. 28887, supra, it would appear that the nature of the Baker County Hospital Authority removes it from the limitations of ad valorem tax millage ("no ad valorem tax millage shall be levied . . . by counties in excess of 10 mills . . .") which is contained in s 200.071, F.S. (1982 Supp.). Cf., s 200.071, F.S. 1981.
Therefore, it is my opinion, until judicially determined otherwise, that the Baker County Hospital Authority is required to prepare and adopt its tentative and final budgets and compute, determine and certify its millage rate (not to exceed five mills) in accordance with the procedures set forth in s 200.065, F.S. (1982 Supp.), and those procedures established by Ch. 28887, 1953, Laws of Florida, as amended, provided such procedures established by the special law do not conflict with Ch. 200, F.S., as amended. The Baker County Hospital Authority is empowered by Ch. 28887, 1953, Laws of Florida, as amended, to require the Board of County Commissioners of Baker County to levy not in excess of five mills for a "hospital tax" and, with regard to ss 2 and 15, Art. XII, State Const., the ad valorem taxing power authorized by Ch. 28887, supra, has not been changed, restricted or withdrawn by law.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General